**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

DOROTHY J. JONES,          :

    Plaintiff,            :

vs.                        :          CA 06-0239-C

JO ANNE B. BARNHART,       :
Commissioner of Social Security,
                                   :

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Docs. 22 & 24 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, and the

Commissioner's proposed report and recommendation,[1] it is determined that the decision to deny benefits should be affirmed.[2]

Plaintiff alleges disability due to depression, osteoarthritis and borderline intellectual functioning. The Administrative Law Judge (ALJ) made the following relevant findings:

> 2. The claimant's arthritis in the right shoulder and right knee, hypertension with occasional headaches (accommodated by environmental limits), and anemia (limited to light exertion) are severe.
>
> 3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No.4, considered individually or in combination.
>
> 4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 5. The claimant has the following residual functional capacity: lift and carry twenty pounds occasionally and ten pounds frequently; she can stand and walk about six hours in an eight-hour workday; she has unlimited push and pull ability (including operation of hand and/or foot controls); she can occasionally perform crawling, crouching, and kneeling; she can

---

[1] The parties waived oral argument. (Doc. 21; *see* Doc. 23 (order granting joint motion to waive oral argument))

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 22 & 24 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

>   frequently perform balancing, stooping, and climbing ramps, stairs, ladders, ropes, and scaffolds; and, she has no communicative, environmental, manipulative, and visual limitations.
>
>   6.   The claimant's past relevant work identified in DOT#372.667-034 did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 416.965).
>
>   7.   The claimant's medically determinable impairments do not prevent the claimant from performing her past relevant work.
>
>   8.   The claimant was not under a "disability" as defined in the Act, at any time through the date of the decision (20 CFR § 416.920(f)).

(Tr. 42-43) The Appeals Council granted plaintiff's request for review and adopted the ALJ's decision with the following modifications: "a. Page 3, paragraph 3 of the decision should read tree laborer instead of fire watcher, watch guard, or security guard. Page 11, paragraph 3 should read tree laborer and all reference to security guard, includ[ing] the DOT code is deleted. b. Finding #6 should read that the claimant can return to past relevant work as tree laborer and the DOT code is deleted." (Tr. 7-8)[3]

## **DISCUSSION**

---

[3]   *See Sims v. Apfel*, 530 U.S. 103, 106-107, 120 S.Ct. 2080, 2083, 147 L.Ed.2d 80 (2000) ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision.").

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id*. at 1005. Once the claimant meets this burden it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant work as a tree laborer, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d

129, 131 (11th Cir. 1986).[4]

The sole argument raised by the plaintiff in this case is that the ALJ failed to fully and fairly develop the record. More specifically, it is plaintiff's argument that the ALJ erred in failing to obtain up-to-date medical records from the Cahaba Mental Health Center and in relying upon a psychological opinion that was over two years old to deny benefits.

It is clearly established that an "'ALJ has a basic obligation to develop a full and fair record.'" *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988) (citation omitted). This principle was developed in recognition of the inquisitorial-as opposed to adversarial-nature of Social Security proceedings. "It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . and the Council's review is similarly broad." *Sims, supra,* 530 U.S. at 111, 120 S.Ct. at 2085. Therefore, the claimant's argument that the ALJ failed in that duty, by not obtaining updated psychological records from Cahaba Mental Health Center[5] and relying upon

---

[4] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

[5] During the course of the administrative hearing on April 4, 2005, Jones testified that she was still seeing a psychiatrist at Cahaba Mental Health Center every three to four months. (Tr. 56) Therefore, the clear implication is that the ALJ could have obtained additional records from that center. The record does contain evidence from Cahaba Mental Health Center but there is nothing from that facility dated after October 10, 2002. (*See* Tr. 155)

a dated psychological opinion to deny benefits, is facially appealing. While facially appealing, this argument cannot carry the day for the claimant inasmuch as the Appeals Council extended to the then represented plaintiff the opportunity to supply it with additional evidence. (Tr. 13 ("You may send us more evidence or a statement about the facts and the law in this case. Any more evidence must be new *and* material to the issues considered in the hearing decision dated June 17, 2005.")) This letter was penned by the Appeals Council on November 28, 2005 (*id.*) in response to counsel's letter to the AC dated November 15, 2005, wherein an argument similar to the one presented to this Court was made to the AC (*see* Tr. 17 ("The Administrative Law Judge [] denied benefits to Claimant on June 17, 2005 relying on consultative examinations in March and April of 2003, **WHICH WERE MORE THAN TWO YEARS OLD AT THE TIME OF THE DECISION!** . . . The ALJ went still further in his violation of Claimant's right to due process when he relied on two State Agency non-examining evaluators, who did not even have access to all of her medical records and who never saw Claimant, and whose reports were filed also more than two years prior to the decision on April 14, 2003 and April 15, 2003 respectively []. Claimant submits that the ALJ's failure to develop the record merits at least a remand[.]")). In granting review

of the ALJ's decision, and amending that decision, the April 28, 2006 decision of the Appeals Council makes clear that it received no additional evidence from the claimant or her representative. (Tr. 7) Similarly, plaintiff has not supplied this Court with any medical records from Cahaba Mental Health Center dated subsequent to October of 2002 calling into question the administrative analysis of plaintiff's mental condition and ultimate finding that Jones does not have a severe mental impairment. Accordingly, while there may exist a technical evidentiary gap, where, as here, the represented plaintiff was given the opportunity by the Appeals Council to bridge that gap and she failed to do so, she cannot be heard to argue that the evidentiary gap resulted in unfairness or clear prejudice. *Cf. Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("Graham has failed to demonstrate evidentiary gaps in the record which have resulted in prejudice sufficient to justify a remand to the [Commissioner]."). The Court, therefore, rejects plaintiff's sole claim for remand of this case.

Because plaintiff raises no other claims, and substantial evidence of record (Tr. 155-163, 166-185 & 187-216) supports the ALJ's determination that plaintiff can perform her past relevant work as a tree laborer, the ALJ's fourth-step determination is due to be affirmed.

## CONCLUSION

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be affirmed.

**DONE** and **ORDERED** this the 4th day of January, 2007.

<u>s/WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**